OPINION
The plaintiff, Robert Lawson, commenced this action in the Court of Common Pleas of Montgomery County alleging that the defendant, Grange Mutual Casualty, breached its insurance contract when it refused to pay for the damages caused by an arson fire which occurred on January 5, 1997 at a house owned by Lawson and located at 4844 Wolf Creek Pike in Dayton, Ohio.
In its defense to the action, Grange Mutual alleged that the plaintiff either set the fire or had someone else set it, and that he was not entitled, therefore, to recover damages under his policy of insurance.
After a three-day trial, which revolved around whether Lawson was responsible for the arson fire at his Wolf Creek house, the jury returned a verdict in favor of Grange Mutual, and from the judgment thereupon entered in the trial court, Lawson has filed a notice of appeal to this court.
In this court, the appellant has set forth his only assignment of error as follows:
 THE LOWER COURT ERRED BY ALLOWING PLAINTIFF ROBERT LAWSON'S EX-WIFE, DARLENE BRANDT (LAWSON), TO TESTIFY CONCERNING AN ALLEGED COMMENT MADE BY ROBERT LAWSON TO DARLENE BRANDT THAT HE WISHED SOMEONE WOULD STEAL AND BURN THE COUPLE'S VAN AND BY ALLOWING DARLENE BRANDT TO TESTIFY TO A SECOND STATEMENT PURPORTEDLY MADE BY ROBERT LAWSON TO DARLENE BRANDT WHEREIN ROBERT LAWSON ASKED DARLENE BRANDT TO SOLICIT HER BROTHER, MIKE THOMA, TO BURN THE COUPLE'S HOUSE.
In this regard, the record discloses that Darlene Brandt was allowed to testify, over objection, that she and Robert Lawson were married and living together in Dayton in 1989, that they owned a van, that the van was stolen and burned, and that her husband, Lawson, told her the night before the van was stolen and burned that he wished that somebody would steal and burn it.
Additionally, the record discloses that Mrs. Brandt was permitted to testify, over objection, that Lawson asked her to ask her brother, Mike Thoma, to burn down their residence in Dayton while they were on vacation in California. However, Brandt did not comply with Lawson's request, and their marital residence was not burned down.
Both of the alleged statements were made when Robert Lawson and Darlene Brandt were married and living together, and the question thus arises as to whether such communications were privileged within the contemplation of R.C. 2317.02. Specifically, R.C. 2317.02(D) provides as follows:
 The following persons shall not testify in certain respects: * * * (D) Husband or wife, concerning any communication made by one to the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness; and such rule is the same if the marital relation has ceased to exist.
In the present case, the communications between Lawson and Brandt appear to fall squarely within the framework of the statute, and the statute, by its own terms, makes no reasonable allowance for any judicial construction. Hence, the admission of the privileged comments by the Common Pleas Court, over the objection of Lawson, was in violation of R.C.2317.02(D).
However, Grange Mutual, in a thoughtful and earnest attempt to save the judgment, has argued further in this appeal as follows:
 Even assuming, arguendo, that the trial court erred in allowing Darlene Lawson to testify to the statement regarding the burning of the couple's house, which it did not, such error was harmless and did not prejudice the plaintiff given the overwhelming evidence established during the three (3) day, sixteen (16) witnesses, eighty-three (83) exhibits, trial wherein Grange Mutual proved, by the greater weight of the evidence, that plaintiff perpetrated arson for profit."
With regard for the position thus taken by Grange Mutual, and with a view to the long and tedious nature of the trial proceedings, this court has carefully examined the evidence as it relates to the respective rights of the parties to the action. Unquestionably, the appellee made an impressive showing, even without the testimony of Darlene Lawson, that the appellant was responsible for the fire. But on the other hand, the privileged communications fitted comfortably and with some dominance into the overall picture, and such testimony, prohibited as it was by statute, may have played an influential role in the jury's deliberations.
Accordingly, the judgment must be reversed and the cause remanded to the Common Pleas Court for a new trial.
GRADY, P.J., and WOLFF, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).